**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION ) <br> LABORERS WELFARE FUND, an employee ) <br> benefit plan, and BRANDON FLINN, RAYMOND ) <br> LINEHAN, PASQUALE LOPICCOLO, CHARLES ) <br> BEAN, DONALD WILLEY, GARY ELLIOTT, ) <br> JAY SCHULTEHENRICH, DAVID A. GILLICK, ) <br> BRAD GRANT, RICH LEDBETTER, ADAM ) <br> KNOEBEL and NORMAN MERLO, Trustees of the ) <br> Greater St. Louis Construction Laborers Welfare Fund, ) <br> and CONSTRUCTION LABORERS PENSION ) <br> TRUST OF GREATER ST. LOUIS, an employee ) <br> benefit plan, and, JEFFREY O'CONNELL, RICHARD ) <br> McLAUGHLIN, PASQUALE LOPICCOLO, ) <br> CHARLES BEAN, DONALD WILLEY, GARY ) <br> ELLIOTT, JOSEPH W. BEETZ, JOSEPH LERITZ, ) <br> DOUG WACHSNICHT, JOE HOETTE, WILLIAM L. ) <br> LUTH and DONALD C. GRANT, Trustees of the ) <br> Construction Laborers Pension Trust of Greater St. ) <br> Louis, and ST. LOUIS VACATION FUND – ) <br> VACATION PLAN, an employee benefit plan, and ) <br> GARY ELLIOTT, BRANDON FLINN, PASQUALE ) <br> LOPICCOLO, JAY SCHULTEHENRICH, NORMAN ) <br> MERLO and WILLIAM L. LUTH, Trustees of the ) <br> St. Louis Vacation Fund – Vacation Plan, and ) <br> AGC–EASTERN MISSOURI LABORERS' JOINT ) <br> TRAINING FUND, an employee benefit plan, and ) <br> LARRY BLOOMER, DONALD WILLEY, ) <br> PERRI PRYOR, GARY ELLIOTT, RICHARD ) <br> McGUIRE, BRANDON FLINN, JOHN B. ) <br> MORGAN, PHIL HOCHER, ROBERT J. ) <br> WESOLICH, FRANCIS R. WOJEHOWSKI, ) <br> CLIFF LAND, and JOHN J. SMITH, SR., ) <br> Trustees of the AGC–Eastern Missouri Laborers' ) <br> Joint Training Fund, and LOCAL UNION NOS. ) <br> 42-53-110, LABORERS INTERNATIONAL ) <br> UNION OF NORTH AMERICA, AFL-CIO, ) <br> labor organizations, ) <br>   ) <br>   Plaintiffs, ) <br>   ) <br> v. ) <br>   ) | No. 4:13-CV-873 CAS |

| RST CONTRACTING, LLC, | ) |
| --- | --- |
| | ) |
| Defendant. | ) |

## **DEFAULT JUDGMENT**

Plaintiffs filed this action to recover, among other things, delinquent contributions, liquidated damages, and interest allegedly owed to the plaintiff employee benefit funds pursuant to 29 U.S.C. §§ 185 and 1132. Plaintiffs also seek to recover accounting fees, attorneys' fees, and costs incurred in this action. Plaintiffs served the complaint and summons on defendant RST Contracting, LLC, on May 12, 2013. Defendant has not entered an appearance or filed an answer. A Clerk's Entry of Default pursuant to Rule 55(a), Federal Rules of Civil Procedure, was entered on June 18, 2013 (Doc. 8). On July 1, 2013, the Court granted plaintiffs' Motion for Default Order to Compel an Accounting, and ordered defendant to provide to plaintiffs its books and records reflecting or pertaining to all hours worked by and wages paid to defendant's employees since August 1, 2009 (Doc. 10).

Plaintiffs have established that defendant is a signatory to collective bargaining agreements with Laborers Local Unions 42-53-110. These agreements require defendant to submit monthly report and monthly contributions to the Laborers Funds, and authorizes plaintiffs to examine the financial records of defendant to ascertain whether the required contributions were made.

Plaintiffs move for default judgment, submitting in support of their motion a memorandum, exhibits, and the affidavits of John Massa and Janine M. Martin. Based upon plaintiffs' motion, the Court finds the following:

 A financial examination was performed on defendant's financial records pursuant to the collective bargaining agreements for the period of July 1, 2010 through December 31, 2013. The financial examination revealed that defendant had failed to report and pay fringe benefit

contributions on 15 hours worked by employees in July 2010. Based on the report issued by the accountants, plaintiffs determined that defendant owes $187.20 in contributions, $37.44 in liquidated damages, and $17.77 in interest through April 30, 2014.

The collective bargaining agreement and ERISA, 29 U.S.C. § 1132(g)(2), requires defendant to pay attorneys' fees and costs. Plaintiffs incurred $51.00 in accounting fees, $1,042.00 in attorneys' fees, and $487.00 in court costs and special process server fees. Based on the evidence presented, the Court finds the services performed by plaintiffs' attorneys were reasonable and necessary to the litigation of this case, the rates charged were reasonable, and the amount sought for attorneys' fees is reasonable.

The total amount owed by defendant to plaintiffs during this time period is $1,822.41.[1]

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion for Default Judgment is **GRANTED** as set forth herein. [Doc. 12]

**IT IS FURTHER ORDERED, ADJUDGED and DECREED** that plaintiffs shall recover from defendant RST Contracting, LLC, the total of One Thousand Eight Hundred Twenty-Two Dollars and Forty-One Cents ($1,822.41).

**SO ORDERED**:

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 23rd day of July, 2014.

---

[1] Plaintiffs' Motion for Default Judgment and the Memorandum in Support sought judgment in the amount of $2,422.41. This appears to have been a mathematical error.